UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL ACTION NO. 0:20-23-KKC

CHAD E. SHOFNER,                                                           PETITIONER,

V.                                       **OPINION AND ORDER**

J. DAVID GREEN,                                                             WARDEN

\* \* \* \* \*

This matter is before the Court on the petition for a writ of habeas corpus (DE 1) filed by petitioner Chad E. Shofner pursuant to 28 U.S.C. § 2254. The magistrate judge has reviewed the petition and recommends (DE 8) that the Court dismiss it as untimely. He further recommends that the Court not issue a certificate of appealability. Shofner has filed objections (DE 10).

Shofner filed three motions after the magistrate judge entered his recommendation. The first (DE 12) asks the Court for permission to supplement the record with certain purported transcripts and also recordings *See also* DE 16. The second (DE 13) asks the Court for permission to amend his habeas petition to add what appears to be a claim of ineffective assistance of his post-conviction counsel in the trial court. And the third post-recommendation motion (DE 14) asks the Court to strike the magistrate judge's recommendation or to hold it in abeyance until the Court rules on his motion to amend his petition.

It is undisputed that, on November 26, 2001, Shofner shot and killed Michael Appleby and Darlene Appleby (Michael's mother) in the Appleby's residence. Shofner's

estranged wife, Jennifer Caffee, was having an affair with Michael and was living with him at the time of the murders. Shofner pleaded guilty to two counts of capital murder and one count of kidnapping Caffee. He agreed to be sentenced by the judge without a jury. After a sentencing hearing, by judgment dated October 8, 2002, the judge sentenced him to two concurrent life sentences without the possibility of parole for the murders and to 20 years on the kidnapping charge. Shofner appealed, and his conviction and sentence were ultimately affirmed by the Kentucky Supreme Court. He later filed two post-conviction motions for relief, both of which were denied.

Shofner filed a habeas petition with this Court on March 9, 2020. The magistrate judge recommends that the Court dismiss it as untimely.

The magistrate judge determined that, under 28 U.S.C. § 2244(d)(1)(A), Shofner's deadline to file a habeas petition was July 20, 2009.

Because Shofner's petition centers on a post-conviction telephone conversation with Caffee, his former wife, the magistrate judge also analyzed the timeliness of Shofner's petition under 28 U.S.C. § 2241(d)(1)(D). That provision provides for a one-year limitations period commencing on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The magistrate judge determined that, under 28 U.S.C. § 2241(d)(1)(D), the one-year limitations period started on the date of the phone call (May 8, 2016) and ended on June 11, 2019. Thus, Shofner's March 9, 2020 petition was untimely under § 2241(d)(1)(D).

The magistrate judge recognized that the Sixth Circuit permits equitable tolling where a petitioner makes a "credible claim of actual innocence." *Souter v. Jones*, 395

F.3d 577, 601 (6th Cir. 2005). Nevertheless, he determined that, even assuming the Court is permitted to find a credible claim of actual innocence when a petitioner has pleaded guilty to the underlying crimes, Shofner fails to make the required showing.

Under *Souter*, a petitioner has a heavy burden of showing with "new reliable evidence . . . that was not presented at trial" that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 590. As to the allegedly new and reliable evidence, Shofner relies on the May 8, 2016 phone conversation with his former wife. The magistrate judge determined that the phone conversation was not the kind of "extraordinary and reliable" evidence necessary for the finding of "actual innocence." He also determined the recordings did not establish Shofner's actual innocence because the trial judge determined that the recordings did not give the court any reason to believe that Shofner was not guilty of the crimes to which he pleaded guilty.

At the time of his recommendation, the magistrate judge had to rely on the trial judge's determination of the significance of the phone calls because the recordings were not in this Court's record. Shofner has since filed the recordings and some purported transcripts in the record.

In his objections to the magistrate judge's recommendation, Shofner first asserts that his petition should be deemed timely because it was filed within one year of the Kentucky Supreme Court decision denying discretionary review of his most recent post-conviction motion in state court. The problem, however, is that the post-conviction motion relied on the May 8, 2016 phone call. Thus, the magistrate judge correctly determined that, at the latest, the one-year deadline under § 2241(d)(1)(D) ran from that

date. This time period was tolled when Shofner filed a motion for relief under Kentucky Rule of Civil Procedure 60.02, but he did not file that motion until 358 days after the May 8, 2016 phone call. When the state court proceedings that toll the limitations period are no longer pending, the limitations period resumes at that point where it was tolled rather than starting anew. *DiCenzi v. Rose*, 452 F.3d 465, 468–469 (6th Cir. 2006). Thus, when the Rule 60.02 motion was finally resolved on June 4, 2019, Shofner only had seven days left to file the habeas petition, meaning it was due by June 11, 2019. He did not file this petition until March 3, 2020.

As to Shofner's claim that his tardiness should be excused because he has made a showing of actual innocence based on the May 8, 2016 phone call. Shofner has now filed what he purports are transcripts (DE 12) and a recording (DE 16) of the phone call. The recording of the phone calls could not be played using any of the Court's available technology. The Court has, however, reviewed what Shofner alleges is the transcript (DE 12) of at least the pertinent portions of the phone call. The Court agrees with the state trial and appellate courts that that nothing in the transcript undermines confidence in Shofner's convictions for the crimes to which he pleaded guilty.

Accordingly, the Court hereby ORDERS as follows:

1) The magistrate judge's Recommended Disposition (DE 8) is ADOPTED by the Court;

2) Shofner's objections (DE 10) to the recommendation are OVERRULED;

3) Shofner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus (DE 1) is DISMISSED;

4) the Court will not issue a certificate of appealability;

5) Shofner's motion (DE 12) to expand the record to include the transcripts attached to the motion (DE 12-2, 12-3) and the recordings filed in the record with the letter at DE 16 is GRANTED;

6) Shofner's motion (DE 13) to amend his habeas petition is DENIED, the Court having determined that the habeas petition must be dismissed as untimely;

7) Shofner's motion to strike the magistrate judge's recommendation (DE 14) is DENIED; and

8) Shofner's motion to proceed in forma pauperis (DE 6) is DENIED as moot.

Dated February 09, 2021

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY